IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

DANIEL EUGENE RIGGS,              )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        CV 323-097
                                  )
VERONICA STEWART, Deputy Warden of )
Security,                         )
                                  )
            Defendant.            )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, formerly incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* in this case brought pursuant to 42 U.S.C. § 1983. Defendant filed a pre-answer motion to dismiss. (Doc. no. 23.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to dismiss be **GRANTED**, (id.), this case be **DISMISSED** without prejudice, and **CLOSED**.

## I.    BACKGROUND

### A.    Procedural History

Plaintiff initially named Defendants Veronica Stewart and Jermaine White, and because he is proceeding IFP, the Court screened his complaint. (See doc. nos. 1, 13-15.) With objections from Plaintiff, United States District Judge Dudley H. Bowen, Jr., dismissed Defendant White for failure to state a claim. (Doc. nos. 17-18.) The Court allowed Plaintiff's Eighth Amendment excessive force claim to proceed against Defendant Stewart. (Doc. nos. 15, 18.) Defendant Stewart now moves to dismiss, arguing Plaintiff failed to exhaust his

administrative remedies prior to filing his complaint.  (<u>See</u> doc. no. 23.)  Plaintiff did not respond to the motion, and it is therefore deemed unopposed pursuant to Local Rule 7.5.

### B.    Complaint Allegations

Plaintiff's complaint alleges that on April 17, 2023, Defendant Stewart responded to Plaintiff attempting to hang himself in his cell at TSP.  (Doc. no. 1, p. 5.)  Defendant Stewart opened Plaintiff's cell door and pepper sprayed him to "get [him] to comply," even though he was obviously unconscious and a threat to no one.  (<u>Id.</u>)  Defendant Stewart said her officers' safety was more important than Plaintiff's life.  (<u>Id.</u> at 5-6.)  For relief, Plaintiff seeks compensatory damages.  (<u>Id.</u> at 6.)

### C.    Plaintiff's Relevant Grievance History

In support of the motion to dismiss, Defendant produced the declaration of Anntionette Johnson, the Chief Counselor and Grievance Coordinator at TSP.  (<u>See</u> doc. no. 23-1 ("Johnson Decl.").)  The Chief Counselor and Grievance Coordinator's responsibilities include ensuring compliance with Georgia Department of Corrections ("GDOC") Grievance Standard Operating Procedure ("SOP"), coordinating investigations and responses to inmate grievances, and maintaining information and records regarding inmate grievances.  (<u>Id.</u> ¶ 2.)  The Chief Counselor identified one grievance Plaintiff filed at TSP concerning the excessive force claim against Defendant.  (<u>Id.</u> ¶ 14.) Plaintiff filed grievance no. 351992 on May 1, 2023, wherein he alleged Defendant used excessive force when pepper-spraying him in his cell on April 17, 2023.  (<u>Id.</u>)  The Warden denied the grievance on June 2, 2023, and Plaintiff signed for receipt of the response on June 27, 2023.  (<u>Id.</u>)  When he received the response, Plaintiff was reminded of the deadline to appeal and there is no record that Plaintiff ever filed an appeal.  (<u>Id.</u>)

## II.     DISCUSSION

### A.     The Legal Framework

Where, as here, a defendant has filed a motion to dismiss a claim based on failure to exhaust administrative remedies, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions.  First, the court looks to the factual allegations made by both parties, taking the plaintiff's version as true where they conflict, and if in that light the complaint is subject to dismissal for failure to exhaust administrative remedies, the defendant's motion will be granted.  Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted)).  If the complaint is not subject to dismissal at the first step, then at step two the court makes specific findings to resolve the disputed factual issues, with the defendant bearing the burden of proving that Plaintiff has failed to exhaust his administrative remedies.  Id.  Based on its findings as to the disputed factual issues, the court determines whether the prisoner has exhausted his available administrative remedies and thus whether the motion to dismiss should be granted.  Id.  Because exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Bryant, 530 F.3d at 1376 (citations omitted).

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  In the Eleventh Circuit, "brought" as used in this section of the PLRA means "the filing or commencement of a lawsuit, not . . . its continuation."  Harris v. Garner, 216 F.3d 970, 974

(11th Cir. 2000) (*en banc*); see also Goebert v. Lee Cty., 510 F.3d 1312, 1324 (11th Cir. 2007) ("The time the statute sets for determining whether exhaustion of administrative remedies has occurred is when the legal action is brought, because it is then that the exhaustion bar is to be applied."). Because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (*per curiam*); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). "The filing of a civil suit without properly exhausting all available administrative remedies is a procedural misstep that is fatal to the underlying case." McKeithen v. Jackson, 606 F. App'x 937, 939-40 (11th Cir. 2015) (*per curiam*) (citing Johnson v. Meadows, 418 F.3d 1152, 1158-59 (11th Cir. 2005)).

The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (*per curiam*) (citing Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998)). Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other

critical procedural rules" along the way.  Id. at 90 (internal quotation omitted).  If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he does not satisfy the exhaustion requirement.  Johnson, 418 F.3d at 1159.

### B.    The Administrative Grievance Procedure

According to Chief Counselor Johnson, the administrative grievance procedure applicable in this case is the version of the GDOC's SOP Policy No. ("PN") 227.02, which became effective on May 10, 2019.  (Johnson Decl. ¶ 3.)  The grievance procedure has two steps:  (1) Original Grievance, and (2) Central Office Appeal.  PN 227.02 § IV(C).  The administrative remedies procedure commences with filing the original grievance with a counselor or through a kiosk or tablet.  Id. § IV(C)(1)(c-d).  The grievance is forwarded to the grievance coordinator, who must screen the grievance to determine whether to accept it for processing or recommend the Warden reject it.  Id. § IV(C)(1)(e)(i).  The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the grievance.  Id. § IV(C)(1)(b).  The timeliness requirements of the administrative process may be waived upon a showing of good cause.  Id.

The SOP requires the Warden give a response to the counselor to deliver to the inmate within forty calendar days of its original receipt; a onetime ten-calendar-day extension may be granted.  Id. § IV(C)(1)(f)(v).  Once the offender receives the Warden's response, or if the time allowed for a response to the grievance has expired without action, the offender may proceed to step two of the grievance process, a Central Office Appeal.  Id. § IV(C)(2).  The inmate has seven calendar days from the date he receives the response to the grievance to file a Central Office Appeal, but this time limit may be waived for good cause.  Id. § IV(C)(2)(b).  The

Commissioner or his designee then has 120 calendar days after receipt of the grievance appeal to deliver a decision to the offender.  Id. § IV(C)(2)(e).

### C.      Plaintiff's Failure to Exhaust

Plaintiff's complaint was filed on November 21, 2023.  (Doc. no. 1.)  Plaintiff acknowledges there is a grievance procedure at TSP and claims he appealed his grievance concerning the allegations in his complaint against Defendant Stewart to the highest level possible.  (See id. at 3-4.)  Under step one of Turner, the Court takes Plaintiff's version of the facts as true, concludes dismissal is not appropriate, and moves to step two.  See Turner, 541 F.3d at 1082.

Under the second Turner step, the Court must make specific findings to resolve the factual disputes regarding exhaustion, and Defendant has the burden to prove Plaintiff did not exhaust administrative remedies.  See Maldonado v. Baker Cnty. Sheriff's Off., 23 F.4th 1299, 1307-08 (11th Cir. 2022).  As explained in detail below, the Court concludes Defendant has carried her burden to show Plaintiff did not exhaust his administrative remedies.

 Plaintiff's grievance history established he filed one grievance related to the facts in the complaint, grievance no. 351992.  (Johnson Decl. ¶ 14.)  Plaintiff also filed grievance no. 351984 and appealed its subsequent rejection, but that grievance was based on a previous altercation in which Plaintiff was recently placed in a cell with.  (Johnson Decl. ¶ 13; see also doc. no. 23.)  In response to this placement, Plaintiff claims he tried to hang himself when the inmate went to the shower.  (Johnson Decl. ¶ 13.)  However, the only prison official named in this grievance is Lt. Amy Chabameau.  (Id.)

As Plaintiff did not respond to the motion to dismiss, there is no dispute the only grievance he filed concerning his claim against Defendant Stewart was grievance no. 351992.  Plaintiff dated this grievance May 1, 2023, and the Warden denied the grievance on June 2,

2023, within the forty-day time-period allowed.   (Johnson Decl. ¶ 14; PN 227.02 § IV(C)(1)(f)(v).)  Plaintiff signed for receipt of the response on June 27, 2023.  (Johnson Decl. ¶ 14.)  At that time, Plaintiff was reminded of the deadline to appeal the rejection of his grievance.  (Id.)  While Plaintiff alleges in his complaint that he appealed the denial of this grievance to the highest level possible, (doc. no. 1, pp. 3-4), the Johnson Declaration is clear that Plaintiff filed only one grievance related to the claims against Defendant Stewart and Plaintiff failed to appeal the Warden's rejection, (see Johnson Decl. ¶ 14).  Defendant has therefore satisfied her burden under Turner.  541 F.3d at 1082-83.

Because Plaintiff did not exhaust his administrative remedies with respect to his claim against Defendant prior to initiating this lawsuit, the motion to dismiss should be granted.  Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (per curiam) ("'[U]ntil such administrative remedies as are available are exhausted,' a prisoner is precluded from filing suit in federal court.") (citations omitted); Higginbottom, 223 F.3d at 1261.

III.    **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to dismiss be **GRANTED**, (doc. no. 23), this case be **DISMISSED** without prejudice, and **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of July, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7